BRENDLIN v. BEERS.

(Supreme Court, Appellate Term. July 1, 1910.)

1. ASSAULT AND BATTERY (§ 27*)—EVIDENCE—ADMISSIBILITY.

In an action against the owner of an apartment house for an assault by his janitor upon plaintiff, who went to the house to collect a bill from a tenant, it was improper to exclude evidence as to why plaintiff went there.

[Ed. Note.—For other cases, see Assault and Battery, Cent. Dig. § 37; Dec. Dig. § 27.*]

2. LANDLORD AND TENANT (§ 134*)—APARTMENT HOUSES—LANDLORD'S RIGHT TO ESTABLISH RULES.

While the landlord of an apartment house may establish reasonable rules governing use of the entrance, stairways, and other parts of the premises under his control, to promote the comfort and safety of the tenants generally, the rules must not be arbitrary, or inconsistent with the use of the premises by the tenants or by persons who, through occupancy of particular tenants, or invitation by them, have a right to be thereon.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 482; Dec. Dig. § 134.*]

3. LANDLORD AND TENANT (§ 134*)—APARTMENT HOUSES—RIGHTS OF THIRD PERSONS.

A requirement by a janitor of an apartment house that plaintiff communicate through the dumb-waiter with a tenant who had invited him there respecting payment of a bill was unreasonable, and properly disregarded.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 482; Dec. Dig. § 134.*]

Appeal from City Court of New York, Trial Term.

Action by Emil C. Brendlin against Lucius H. Beers. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Adolph & Henry Bloch, for appellant.

Henry De Forest Baldwin, for respondent.

GUY, J. This is an appeal by plaintiff from a judgment dismissing the complaint in an action for damages for assault and battery alleged to have been committed upon plaintiff by defendant's employé, the janitor of premises belonging to defendant.

The complaint alleges that plaintiff entered the premises on invitation of one of the tenants for the purpose of collecting a bill due him; and plaintiff testified that he so informed the janitor, that the janitor ordered him to go down to the dumb-waiter and collect his bill there, that plaintiff refused to do so, and was thereupon forcibly ejected from the house by the janitor. Plaintiff sought to prove the purpose for which he entered the premises, but the evidence was excluded. The exclusion of this evidence constituted reversible error; it being essential and relevant to the establishing of plaintiff's cause of action.

While the landlord of an apartment house has an undoubted right to establish reasonable rules and regulations as to the use of the entrance, stairways, and other parts of the premises under his control, to promote the comfort and safety of the tenants generally, such rules and regulations must not be arbitrary in character or inconsistent with the use thereof by the tenants or by persons who, by reason of occupancy by particular tenants, or by reason of an invitation extended to them by the tenants, have a right to be therein. There is no evidence that the presence of the plaintiff upon the premises interfered with good order, or the comfort of the occupants generally; and, except for the delivery of merchandise, the requirement that he should communicate with the tenant who had invited him there by means of the dumb-waiter was an unreasonable and arbitrary requirement, which he properly disregarded.

The contention that he invited the assault is not borne out by any reasonable construction of the evidence.

The judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.